UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HI-DESERT MEDICAL CENTER )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, )<br>Secretary of Health and Human Services, )<br>)<br>Defendant. )<br>_____) | Case No. 1:07-cv-01000 (RBW) |

**DEFENDANT'S ANSWER**

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff Hi-Desert Medical Center's Complaint as follows:

First Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Defense

Using the same numbered paragraphs as the Complaint, Defendant answers as follows:

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

2. This paragraph contains a conclusion of law and Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

3. This paragraph contains a conclusion of law, not allegations of fact, and thus no response is required.

4-5.  Admits.

6.  This paragraph contains Plaintiff's characterization of 42 U.S.C. § 1395(x)(v)(1)(A), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents.

7.  This paragraph contains Plaintiff's characterization of 42 U.S.C. § 1395(x)(v)(1)(A), 42 C.F.R. §§ 413.5(a) and (b)(3), and 42 C.F.R. § 413.50, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to them for a complete and accurate statement of their contents.

8.  Admits.

9.  This paragraph contains a characterization of 42 U.S.C. § 413.30(f)(1), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents.

10.  This paragraph contains a characterization of 39 Federal Register 20164 (June 6, 1974), 44 Federal Register 31802, at 31804 (June 1, 1979), 51 Federal Register 34790 (September 30, 1986), 42 C.F.R. §413.30(f)(1),  20 C.F.R. § 405.460(f)(2), 42 C.F.R. §413.30(f)(1) and 42 C.F.R. § 405.460(f)(1), not allegations of fact, and no response is required. The Secretary denies any characterization of the cited authorities, which speak for themselves, and respectfully refers the Court to them for a complete and accurate statement of their contents.

11. This paragraph contains a characterization of the Deficit Reduction Act of 1984 and

42 U.S.C. § 1395yy(a), not allegations of fact, and no response is required. The Secretary denies any characterization of the cited authorities, which speak for themselves, and respectfully refers the Court to them for a complete and accurate statement of their contents.

12. The first sentence of this paragraph contains a characterization of 42 U.S.C. § 1395yy, not allegations of fact, and no response is required. The second sentence contains a characterization of and quotation from a Senate Committee Report, not allegations of fact, and no response is required. The third sentence of this paragraph contains a characterization of 42 U.S.C. §1395yy and a conclusion of law, not allegations of fact, and no response is required. The Secretary denies any characterization of the cited authorities, which speak for themselves, and respectfully refers the Court to them for a complete and accurate statement of their contents.

13. Admits the first sentence of this paragraph. The second and third sentences contain a characterization of Provider Reimbursement Manual ("PRM") §2534.5, not allegations of fact, and no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents. The fourth sentence contains a conclusion of law, not allegations of fact, and no response is required.

14. Admits. By way of further answer, the Secretary avers that not all of the amount by which Plaintiff's costs exceeded the RCL was attributable to the provision of atypical services.

15. Admits the first two sentences of this paragraph. The third sentence contains a conclusion of law, not allegations of fact, and no response is required. Admits that his decision resulted in decreased reimbursement in the approximate amount of $155,588, which represents the amount between the RCL and 112 percent of the peer group mean, but otherwise denies the

fourth sentence.

16. Admits the first and third sentences of this paragraph. Admits that the PRRB is an adjudicative body that hears Medicare provider reimbursement disputes, but otherwise denies the second sentence.

17. Admits.

18. Admits the first three sentences of this paragraph. The Secretary has no knowledge of when Plaintiff received notice of the PRRB's decision and denies the fourth sentence on that basis. The fifth sentence contains Plaintiff's characterization this action, not allegations of fact, and no response is required.

19. Admits.

20. The Secretary realleges and incorporates his answers to paragraphs 1-19.

21. This paragraph contains a characterization of 42 U.S.C. §1395oo(f)(1) and 5 U.S.C. §706(2)(A), not allegations of fact, and no response is required. The Secretary denies any characterization of the cited authorities, which speak for themselves, and respectfully refers the Court to them for a complete and accurate statement of their contents.

22. Denies.

23. The Secretary realleges and incorporates by reference his answers to paragraphs 1 through 22 above.

24. Denies.

25. The Secretary realleges and incorporates by reference paragraphs 1 through 24 above.

26. This paragraph contains a characterization of the APA, not allegations of fact, and no response is required. The Secretary denies any characterization of the cited provision, which

speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents.

27. The first sentence of this paragraph contains a characterization of PRM §2534.5 and a conclusion of law, not an allegation of fact, and no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents. The Secretary denies the second sentence of this paragraph.

28. The first two sentences of this paragraph contains a characterization of and quotation from 42 U.S.C. §1395yy(c), not allegations of fact, and no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents. The Secretary denies the third sentence.

29. Denies the first sentence of this paragraph. The second and third sentences contain conclusions of law, not allegations of fact, and no response is required.

30. Denies the first sentence of this paragraph. The second sentence contains a conclusion of law, not allegations of fact, and no response is required.

31. The first sentence of this paragraph contains a conclusion of law, not allegations of fact, and no response is required. Denies the second sentence of this paragraph.

32. The Secretary realleges and incorporates by reference his answers to paragraphs 1 through 31 above.

33. The first sentence contains a characterization of and quotation from 42 U.S.C. §1395hh(a)(2), not allegations of fact, and no response is required. The Secretary denies any

characterization of the cited provision, which speaks for itself, and respectfully refers the Court to it for a complete and accurate statement of its contents. Denies the second and third sentences.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests that the Court enter judgment dismissing the Complaint, with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the record of the administrative proceedings in this case.

                                            Respectfully submitted,

                                                  /s/
                                      JEFFREY A. TAYLOR
                                      United States Attorney
                                      D.C. Bar No. 498610

                                                  /s/
                                      MEGAN L. ROSE
                                      Assistant United States Attorney
                                      N.C. Bar No. 28639
                                      Civil Division
                                      555 Fourth Street, N.W.
                                      Washington, D.C.  20530
                                      (202) 514-7220/FAX: (202) 514-8780

        Bridgette L. Kaiser
        D.C. Bar No. 492406
        U.S. Department of Health and Human Services
        Office of the General Counsel
        Centers for the Medicare and Medicaid Division
        330 Independence Ave., S.W.
        Cohen Building, Room 5309
        Washington, D.C. 20201
        (202) 205-5872/FAX: (202) 401-1405

<u>Of Counsel</u>:

DANIEL MERON
General Counsel

JANICE L. HOFFMAN
Acting Associate General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
for Litigation

United States Department of
Health and Human Services